Call the second case. Both approach, give us your names, tell us what you want to do, and we'll tell you you've got 15 minutes and maybe we'll give you a few more if you have any more exciting things to add. Dan Compton for the plaintiff appellant. And Richard Johnson, very young, to have the defendant have the case. All right. You may proceed. Thank you very much, Your Honor. I was reminded when I looked at all the cases that I always wish there was a false start. I always wish you briefed it and then got a chance to rebrief it because when you read after several months, you notice things that you didn't notice your first time through. And what I noticed was that, Your Honor, if the trial court had just followed the Supreme Court authority and ignored, and no offense to this first district that has ruled on a ton of form nonconvenience cases, but if it had just looked to the Supreme Court authority, we probably wouldn't be here today. Is that the case that you cite right up front when you're talking about the standard of review? That's what I'm talking about with the standard of review because it seems to me you elevate that greatly. Right. Because it's still an abuse of discretion standard. Just because they found it was an abuse of discretion under the facts in that case doesn't mean that if you have somewhat similar facts that it's automatically an abuse of discretion. That strikes me as, right off the bat, remarkably disingenuous on your part. Well, let me then go into it because I would love the chance to explain that to you, Your Honor. In First National Bank v. Green, which is the case I cited, you had an accident that was in DeKalb County. You had a defendant in Cook County and witnesses scattered throughout. So the plaintiff filed in Cook County, and the trial court, if you were to take a look at the trial court's decision in the Northeast Reporter, you would see that they quote from it. And the trial court says, surprisingly, exactly the same as the trial court said in this case. It's on a DeKalb County street. There's only one Cook County witness. There's DeKalb County doctors. There's DeKalb County police. And we're going to let DeKalb County people decide it. And under that circumstance, the appellate court said, we don't want to hear it. We don't think it was abuse of discretion. The appellate court turned him down. The Supreme Court said, no, we've got to kind of reign this in. When witnesses are scattered among multiple counties, which is exactly what we have here, Your Honor, and when no county enjoys a predominance of a connection to this lawsuit, which is exactly what we have here, Your Honor, that is argument, okay? You say that's exactly what we have here. I'm sure your colleague would disagree with that argument. Well, I'm sure he will. It's not a statement of law. It's not necessarily a statement of fact. In Bonner v. Peabody Coal Company, the Supreme Court of Illinois said exactly that. It said, listen, when you have a defendant that does business in a county for foreign nonconvenience purposes, it is permissible and advisable to look at the nature and extent of the business done. So if you want to compare Bonner v. Peabody Coal Company to, for example, the Dawdy case, in the Dawdy case, the plaintiff had railroad tracks in the county where he filed. That's it. Not one witness. Not a business facility. Not an employee. And in this case, we have several hundred vending machines. We have employees. And I think importantly, because Langenhorst elucidated on this, in the Langenhorst case, the Supreme Court said, wait a minute, wait a minute. Something's a little different in this case because the railroad company defendant was a foreign corporation. Pursuant to the rules of venue, that foreign corporation could be sued in any county in the state of Illinois. Langenhorst said it's important in this case because this foreign company came into Illinois and said, we are naming an individual to accept service of process in St. Clair County. Therefore, you can't argue that St. Clair County isn't your residence and it isn't your place of business. In this case, both defendants not only named a Cook County organization for acceptance of service of process, so under the Supreme Court case of Langenhorst, which I think narrows and elucidates the First National Bank v. Green, under Langenhorst, both Red Box and Coin Store came into play. They're not relevant, okay? Stick to the facts that are relevant. The location of the accident. Where the attorney is that represents the client. Where do you reside? Well, I reside in Elgin, which is in both Cook and Kane. Okay, no, I'm not through yet. Oh, I'm sorry. Stick to the points. The fact that where the accident. Go through the steps. Don't give us all these cases. Get to the facts of the case and explain why you think the judge abused his discretion. Because in these cases, it's so close. Most of these can go either way, and it's almost as though, why appeal it? Because not much changes one way or the other. But go through the steps. Tell us why. Don't waste your time giving all the facts of other cases. Well, Your Honor, in this case, as per Langenhorst, the defendants, I'm not talking about choosing an attorney. I'm not talking about choosing Mr. Johnson to defend the case. Langenhorst said when you choose a place to be served with summons, that's your corporate residence. Langenhorst and Peabody Coal Company said it's permissible and advisable and proper to consider the character and nature and extent of the business that is done in the county of residence. So you've got an accident that took place in Kane, but you've got a corporate defendant that does business. It's irrelevant, the corporate defendant. Forget the corporations and deal with the individuals involved. Their status, not the corporate status. Don't waste our time with that. In this case, it's not relevant. You've got two bangs against you because the accident occurred in one place, and the people don't live there. All right. In this case, for example, in the corporate defendants, and this was argued by the defense, and they tried to file some affidavits, said we're going to fly in from O'Hare, they're going to fly into Cook County before they drive out to Kane County, and the First National Bank v. Green said, wait a minute. In that case, it was a defendant in Indiana. They said, you're driving right through Cook County. So don't tell us that that is a big factor that the accident happened in DeKalb, and so it should be in DeKalb. In this particular case, the accident happened in Kane, but the witnesses, we've got the plaintiffs. They're both in Kane, but for form nonconvenience, you can't say it has to be where the plaintiffs are. So if you just consider the witnesses, we have nine witnesses from Cook County. What did you say? We can consider where they live and where the accident happened. It seems to me that those might be, to use a simple word, paramount factors in a case like this. Where the accident happened, yes. The defendant can't argue that the venue is inconvenient for the plaintiffs, though. Look, I know why Cook County is more convenient. I used to be a plaintiff's lawyer. I know they would rather have the case in Cook County. I understand the practical reasons for it, but when we're talking about analyzing the facts here, you have two plaintiffs who are Kane County plaintiffs who are injured in Kane County who want to sue in Cook County for reasons having nothing to do with the paramount factors of how the accident happened and why somebody was negligent. The person who hit the pedestrian was negligent in Kane County, okay? So you're not addressing the deference factors. You're pulling all these things out of the air that aren't relevant. If you would stick to the deference and weigh it, I don't know how you're going to get there because viewing it, you give us witness attendance, but very few of those witnesses will ever come to a courtroom. Well, Your Honor, that would— If the cost factor is minimal. Well, if the cost factor is minimal under the appellate court precedent, that weighs in favor of leaving it here, and that's the problem with the trial court decision. Every step down the line, this shouldn't be a tie goes to the runner case. This should be the runner is so far ahead. This is an abuse of discretion case. The trial court is vested with a lot of discretion in cases like this, just like it is at trial with evidentiary matters, credibility of witnesses, et cetera. This is an abuse of discretion case. It has to be viewed in that way. You want to short-circuit it because of the Garen, however you pronounce that Supreme Court case, and I don't think that's proper. Well, the Supreme Court respectfully disagreed because they— It's a different case. I understand that. It's a different case. If your whole case is on that case, you're wasting our time. Well, my hand is on that case and on Langenhorst and on the Peabody versus— There's nothing wrong with this judge's decision. What's wrong with the decision is the trial court, first of all, ignored two affidavits from two treating physicians that said Cook County is a more convenient forum for us to come and argue. I would posit that Your Honors have probably almost or virtually never seen a case where two physicians out of the nine treating physicians that were disclosed said we would prefer to come and testify in King County. I've seen it just many times when I was in the law division. That didn't mean it had any merit. Second of all, the trial court completely ignored the fact of those two affidavits and also the fact of the affidavit from the King County witness, Mr. Johnson, that also said I would be happy to come to Cook County. It's a more convenient place for me to testify. It's also in the record, and he put a little more than what you just stated. Yes, he said two witnesses filed affidavits that they would prefer to testify in King County, and a third witness lives in King County. That is the sum and substance of the trial court's dealing with the evidence. The trial court wrote off any and all connection between the defendants and the plaintiff's chosen forum. Any evidence as far as who was testifying and where the witnesses were from was completely written off for all witnesses except essentially two King County witnesses. Other than that, the court considered none of the evidence whatsoever about the plaintiff's chosen forum. How are we done? Your Honor, I am done because as I see it, this is not even close. When witnesses are scattered among multiple counties, I suppose I would just say this in closing. If you look at the cases cited by the defendants in their brief, you can go through on each and every case, see examples of essentially egregious forum shopping. If you go through those cases cited in the defendant's brief, you will see cases where there are no medical witnesses and no occurrence witnesses at all in the county of the chosen forum. You will see cases where a plaintiff is litigated in one forum, dismissed on the eve of trial, refiled in another forum. That is simply not this case. So all the guidance supplied by the Supreme Court was essentially ignored by the trial court. This is not a case of forum shopping. As you pointed out, Your Honor, you'll love it when there is sufficient connection with Cook County to be able to get here. What it is is a case where a Kane County lawyer representing Kane County plaintiffs is coming in and saying that it's more convenient to be in Cook County. Well, Your Honor, that's the thing. I don't have to prove it's convenient to be in Cook County as opposed to Kane. The issue is did the defendant show or even make any showing that it was more convenient for the defendant to be in Kane and inconvenient for the defendant to be in Cook. Your Honor, I didn't know that the court abused its discretion when it determined that Cook was not the appropriate forum. That's what you have to prove. Well, the court abuses its discretion when it ignores the business done in Cook County. It ignores the witnesses in Cook County. It ignores the affidavits saying Cook County is a more convenient forum. And it ignores the fact that as Langenhorst and Doughty, or Langenhorst and First National Bank v. Gear both say, the defendant has to make some showing before anything else that Cook County is an inconvenient forum for the defendant. The Langenhorst case you rely on, they make a big deal out of the fact that there's no possibility of visiting the site of the incident here. That may be a possibility. And that's a major factor, isn't it? You know what? I don't think it's a major factor. I, in my brief, said that is the one thing, the only thing, and I pointed out that I didn't argue and the defendant said, all right, if you're going to view the accident scene, then by all means, if that's the be-all and end-all of the public and private factors, then when, I would ask, is the county where the accident happened ever the county where the case isn't going to end up? So Langenhorst did say, well, there's probably not going to be a jury viewing in this particular case. We don't see the benefit of it. But by and large, when you look at the cases, the appellate courts and the trial courts don't say, as did the trial court in this case, oh, that will never happen, the plaintiff will never call these witnesses, the jury view will never happen. If you analyze it like that, if you have the trial court saying, I don't think this will happen at trial, I don't think a jury view will happen at trial, I don't think medical witnesses will be called at trial, I think I pointed out in my reply brief that I am not allowed to argue, well, ladies and gentlemen of the appellate court, if you look at the facts of this case, the defendant is going to admit liability and therefore there won't be any liability witnesses at trial. I can't do that. You've got to take the whole package, you've got to take all the witnesses, scatter them among multiple counties. King County does not even have a majority of the witnesses in this case. You've got nine in Crook County, you've got three in McHenry County, you've got one in DuPage County, and you've got four in King County. So if you're just going to count witnesses, then you're saying where the accident happened, as long as there's an eyewitness to the accident, that's where the county where the case wound up. And in this case, I would posit that's just not it. If this case was done differently, if you were representing your client and other counsel had moved to have this case moved, what would your position be? You've got everything for you if this case is in King County. And strangely enough, I would think if this case were in King County, in contrast to his view, I would believe that you'd get a better outcome in Kane than you would in Cook because a jury in Cook is not going to look favorably on this case when they find out all the factors of where the parties, where it happened, where the attorney representing the party is, whereas in Kane, it would be more probably that you would have gotten a decent verdict there. You mean if I had filed it in Kane and counsel moved to... Transfer it here. I think you would have won there on the factors that it would have stayed in Kane County. Well, it would be equally a hard motion for him to argue that Kane was an inconvenient county for the defense. If you get right down to the purpose of the whole interstate forum nonconvenience, it's to avoid forum shopping. And if you go down the list of the plaintiff's cases, you see essentially egregious examples of forum shopping. Doctors who have one visit in Cook County... You've already made that point. Do you have any other questions? No. Thank you. Thank you. May it please the court. I think your honors have pretty much made the same conclusion that I have, that in effect the appellants are asking the court to conduct de novo review of the defendant's motion to transfer venue. And as the court, as your honors have pointed out, that's simply not the standard. The standard is did the trial court abuse his discretion in granting the motion to transfer venue. I think it's clear from the court's ruling that he carefully considered all of the pertinent private interest factors as well as the public interest factors. And in balancing those, concluded that they strongly favor transfer of this case from Cook County to Kane County. And Mr. Coppin was going on about the corporate defendants in Cook County and so forth. Well, there are no, the vicarious liability, as I think your honor pointed out, occurs in Kane County. There's no acts of negligence, as in Langenhorst for example, where the corporate defendant was said to have not properly maintained the railroad crossing. And here we simply have all of the negligent acts, allegedly negligent acts, by the defendants committed in Kane County. Again, I think the court, the circuit court, properly evaluated all of those factors, came to its conclusion, and decided that the defendants had met their burden, and ordered that the case be transferred to Kane County. I think, again, this case is very similar, I think, to Smith, as far as the result of the Smith v. Stuhl case. Where you've got, you're being asked to find that no reasonable person could conclude that the case should be tried where the accident happened, which is to say, Kane County. And based on all of the factors involved here, I don't believe that it would be conceivable to make that determination. Yes, there are some doctors in Cook County, but as the plaintiff acknowledges in his various briefs and so forth, there are also a lot of doctors that had been treating Mrs. Schuster in Kane County as well. So I think, again, if the circuit court had not evaluated all of the factors, and left some out. Your colleague makes an argument before us, and in his briefs, that the circuit court ignored certain factors. Do you have the same response to that? I don't think that he ignored any of the factors, Your Honor. As I say, the two affidavits from the doctors and so forth, okay, that's two dots in Cook County. As the court will, I'm sure, recognize, recognizes in this day and age, most medical testimony is presented via videotaped evidence depositions. And if they want to come in and testify, fine. Certainly the circuit court didn't preclude that. The court simply found that that particular factor was not sufficient to show that the case, strongly show that the case should be, should remain in Cook County as opposed to Kane. You still have all the witnesses in Kane. We still have the affidavits from the, two of the witnesses, that it would, in fact, be more convenient for them if the case were tried in Kane. There was one affidavit, which I still can't quite understand how somebody who lives in Kane County, Mr. Johnson, could say that it's more convenient for him, or it would not be convenient for him. Might be better shopping. I'm sorry, what? Might be better shopping if you're going to testify. Or if he has had to deal with the morning and afternoon rush hour traffic and so forth. I think that's an important consideration, too. It's not only the mileage between point A and point B, but it's also the time that it takes. And, you know, coming in for court early in the morning, leaving in the afternoon and so forth, that's going to be inconvenient for anybody. I think the court can almost take judicial notice of the fact of the driving times and so forth. Well, it's going to be inconvenient for you going out to Kane County to defend this case. I'll grin and bear it, Your Honor. I mean, you have to admit it's an unusual case where you have a Kane County lawyer wanting to come to Cook and a Hickman County lawyer wanting to go to Kane. It is. It's easier to go shopping in Kane. But, again, one of my clients, Ms. Richards, lives in DuPage. DuPage, right. So, you know, it's going to be more convenient, as she said in her affidavit, it's going to be more convenient for her to go to Kane rather than have to fight traffic all the way down to Chicago. And as far as the affidavits are concerned, Your Honor, or Your Honors, I should say, they are still part of the record. And I believe under the Roosh or Rush case that we cited, the court is entitled to look at anything that is in the record as far as justifying the decision of the circuit court to grant the motion to transfer Vandenberg. But I think, again, looking at the entire record before this court where you have the pertinent private interest factors as well as the public interest factors fully evaluated, carefully evaluated by the court, and the court, I don't think, disregarded anything. The court was considering everything. And I think that it's clear that to have, to show that the, to meet the abuse of discretion standard, the plaintiffs have to show that no reasonable person would think that this case should be tried in Kane County where the accident happened and where both of the plaintiffs live. And many of the witnesses are located as well. So I think based on that, Your Honor, we, Your Honors, we would ask that the court affirm the granting of the motion for summary judgment or for transfer of venue and order that the case be transferred to Kane County as the circuit court determined. Thank you very much. Your Honors, I think Mr. Johnson probably hit on the way that I look at the trial court's order in this case. And he said Mr. Compton and the plaintiffs never strongly showed that the case should remain in Cook County. Well, again, that is not our burden on the forum nonconvenience. If you go back and look at the trial court's order, which is run through a fairly good detail in the briefs, the trial court always came to a conclusion that, gee, this is close, but I think it favors Kane County. And if you look at the appellate court decisions and the Supreme Court decisions, that's not the standard at all. They completely reiterate every time that a forum nonconvenience should only be exercised to change venue in exceptional circumstances when the interests of justice require it. And I don't think that with everything in this file, with the amount of business, with the location of the witnesses, with the affidavits, that this panel can honestly look at the facts of this case and say this is an exceptional case where the interests of justice require. Now, you can say, hey, Cook, Kane, it's a close deal, but you cannot say this is exceptional. You cannot say that justice cries out for this case to go with Kane County. And that is the standard reiterated again and again in the appellate courts and by the Supreme Court. So if you don't have any other questions, thank you. Thank you. We'll let you know in a few weeks. Thank you for your time. You both argued very well. I didn't mean to give you a hard time, but when I saw that you were from Kane, I'm going, wait a minute. I would like to argue that it should stay in Cook because the venerable Dick Johnson is in Cook.